UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GODFREY CHANASE,

Petitioner,

v.

BRUCE SCOTT, et al.,

Respondents

CASE NO. 2:26-cv-03699-BAT

**ORDER GRANTING PETITION AND DIRECTING RELEASE**

Petitioner requests the Court grant § 2241 habeas relief and order Respondents to immediately release him from immigration detention. The Court **GRANTS** the petition as follows.

Petitioner alleges and Respondents do not dispute he is a citizen of Ghana who lawfully entered the United States in 2009 under an exchange visitor visa. After completing the exchange program, Petitioner lawfully entered the United States in 2024, timely applied for asylum, received work authorization, was hired to work at a facility for disabled individuals, joined his State employee union, has lived in the community for two years and has no criminal history. On September 22, 2026, Respondents arrested Petitioner near his workplace and detained him at the Northwest ICE Processing Center.

The Court has jurisdiction over Petitioner's habeas petition as he alleges Respondents

have detained him "in violation of the Constitution or law or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). Respondents do not contest the Court's jurisdiction or Petitioner's claim he was detained without predetention notice or a bond hearing and his detention is governed by 8 U.S.C. § 1226(a). Respondents argue relief should be denied because under § 1226(a) Petitioner has no due process right to predetention notice or bond hearing.

The Court rejects Respondents' arguments and finds Petitioner's due process rights have been violated. First, Respondents acknowledge this District's Courts have held due process requires a predetention hearing before the arrest of individuals such as Petitioner who overstay their visa, and those who have pending affirmative asylum applications. *See Sidhe v. Scott et al.,* 2:26 CV-03188-TMC, 2026 WL 2935934, at *3 (W.D. Wash. Sept. 30, 2026). The Court finds the *Sidhe* decision applicable and adopts its rationale.

Second, Respondents argue Petitioner was not redetained in September 2026 after being released earlier upon a finding he was not a flight risk or danger to the community, and thus he has no due process right to predetention notice and hearing. Respondents raised this argument in *Sidhe* and the Honorable Tiffany M. Cartwright rejected it; the Court likewise rejects the argument for the same reasons Judge Cartwright articulated.

Third, although Respondents argue Petitioner's due process rights have not been violated, they argue that under the *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976) factors, the Court should deny relief. The Court finds each *Mathews* factors Petitioner. Petitioner has a significant liberty interest as he has lived in the district for two years and has been gainfully employed; There is nothing showing he is a danger to community or a flight risk and the thus the risk of erroneous deprivation of liberty is high. And the government's interest in enforcing immigration laws is not impeded.

And fourth, Respondents argue if the Court finds Petitioner's due process rights have been violated, he should be granted a postdetention hearing, not immediate release. This Court rejects the argument for the same reasons Judge Cartwright rejected the argument in *Sidhe*.

The Court accordingly **ORDERS**:

1. The petition for writ of habeas corpus is **GRANTED**. Dkt. 1.

2. Respondents shall **RELEASE** Petitioner within **24 HOURS** of entry of this order; return to him any personal property upon release, including personal identification documents (other than a passport) and employment authorization documents; and file a status report certifying they he been released within **48 HOURS** of entry of this order.

3. Respondents shall not redetain Petitioner unless he is given written notice and a predetention hearing before a neutral decisionmaker at which time the government shall bear the burden to prove Petitioner is a flight risk or a danger to the community by clear and convincing evidence.

4. Petitioner may move for attorney fees and costs under, 28 U.S.C. § 2412 and if payment is to be made to counsel, establish fees and costs have been assigned to counsel.

DATED this 16th day of October, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge